NO. 07-05-0368-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 28, 2006



______________________________


 

JUAN M. PACHECO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409332; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant appeals a conviction by a jury of the felony offense of driving while
intoxicated, enhanced, and sentenced to 40 years confinement in the Texas Department
of Criminal Justice, Institutional Division. Following his motion for new trial, appellant gave
notice of appeal and requested a record.

 Appellant has filed a motion with this court indicating that exhibits admitted into
evidence at trial were missing from the record. Counsel for appellant cannot complete
appellant's brief without reviewing the missing exhibits. The court reporter has been
notified by counsel for appellant and has indicated that he is unable to locate the exhibits. (1)

 Because the missing exhibits may be significant for disposition of this appeal, a
question we do not decide at this time, and because pursuant to Rule 34.6(f)(2) of the
Texas Rules of Appellate Procedure appellant may be entitled to a new trial if the exhibits
have been lost or destroyed without his fault, we now abate this appeal and remand this
cause to the 140th District Court of Lubbock County. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 (1) whether exhibits admitted into evidence remain lost or misplaced or
have been destroyed, and if so, then

 (2) whether their loss, misplacement or destruction was attributable to
appellant.


The trial court shall cause the hearing to be transcribed and shall make findings of fact to
be included in a supplemental clerk's record. Finally, the trial court shall file the
supplemental clerk's record and the supplemental reporter's record with the Clerk of this
Court by Monday, August 28, 2006.

 It is so ordered. 

 Per Curiam


Do not publish.
1. Under Rule 13.1 of the Texas Rules of Appellate Procedure, the court reporter is
required to file all exhibits admitted into evidence with the clerk of the court.



ided by relator does not recite that it was dismissed "with prejudice." 

 The copy of the order included with relator's petition establishes that the trial court
dismissed the first indictment. Also, by his own words, relator acknowledges that he filed
a direct appeal of his conviction based on the subsequent indictment, which was affirmed. 
Thus, relator has not demonstrated any entitlement to mandamus relief. 

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice